UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

DAVID POSNER,

                   Plaintiff,

    -against-

SPRINT/UNITED MANAGEMENT COMPANY,
FRANK BROMBERG and MICHAEL DESA,

                   Defendants.

-------------------------------------------------------------x

File No.: 05 CV 284 (DC)(JMM)

**FIRST AMENDED COMPLAINT**

PLAINTIFF DEMANDS
A TRIAL BY JURY

## COMPLAINT

1.     Plaintiff DAVID POSNER ("PLAINTIFF"), by and through his counsel, THE ZILBERG LAW FIRM, PLLC by MICHAEL A. ZILBERG, Esq., as and for his complaint against the Defendants SPRINT/UNITED MANAGEMENT COMPANY ("SPRINT"), FRANK BROMBERG and MICHAEL DESA, alleges as follows:

### PARTIES

2.     Plaintiff, a male born on September 28, 1943, was employed by SPRINT from on or about October of 1984 until May 10, 2004, when his employment was involuntarily terminated.

3.     SPRINT is a Kansas corporation, and has its principal place of business in Overland Park, Kansas.  SPRINT is in an industry affecting commerce, namely, providing telecommunication products and services throughout the United States and across the world.

4.     At all times relevant hereto, SPRINT had approximately 70,000 employees worldwide.

5.    At all times relevant hereto, Plaintiff was employed at a SPRINT New York sales office located at 380 Madison Avenue, New York, New York.

6.    SPRINT is an employer within the meaning of Age Discrimination in Employment Act (the "ADEA") 29 U.S.C. § 630(b).

7.    Defendant, FRANK BROMBERG, at all times relevant hereto is a natural person who was and remains employed by SPRINT, at the 380 Madison Avenue, New York, New York location, and who holds titles in that capacity as "Branch Sales Manager" and "Branch Sales Director."

8.    Defendant, MICHAEL DESA, at all times relevant hereto is a natural person who was and remains employed by SPRINT, at the 380 Madison Avenue, New York, New York location, and who holds titles in that capacity as "Regional Sales Director" and "Regional Vice-President of Sales."

## JURISDICTION

9.    Plaintiff brings Count I of this civil action under the, ADEA 29 U.S.C § 621 et seq. This Court has jurisdiction over Count I pursuant to 29 U.S.C. § 626(c) and 28 U.S.C. § 1331.

10.   Plaintiff brings Counts II, III and IV pursuant to New York State, New York City and common law. Counts II, III and IV arise out of the same facts and circumstances giving rise to Count I. As such, Counts I, II, III and IV are so related that they form part of the same case or controversy under Article III of the United States Constitution and this Court has supplemental jurisdiction over Count II pursuant to 28 U.S.C. § 1367(a).

2

11. Venue is proper in this Judicial District under 28 USC § 1391(b) in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this Judicial District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. On August 18, 2004 Plaintiff filed a discrimination charge (the "Charge") with the Equal Employment Opportunity Commission ("EEOC"), alleging age discrimination against SPRINT.

13. On October 22, 2004 the EEOC issued to Plaintiff a notice of right to sue SPRINT regarding his discrimination claim.  A copy of this notice is attached hereto at Exhibit A.  Plaintiff thus files this action within ninety days of the receipt of the notice of right to sue.

## FACTUAL BACKGROUND

14. At all times relevant hereto, Plaintiff has been employed by SPRINT as part of their Enterprise Sales Group at 380 Madison Avenue, New York, New York.

15. At all times relevant hereto, Plaintiff held the title of Account Executive II with the Enterprise Sales Group of SPRINT.

16. As an Account Executive II, Plaintiff received a base salary which was approximately $15,000 - $20,000 greater than that received by an Account Executive I.

17. As an Account Executive II, Plaintiff's commissions equaled the commission received by an Account Executive I plus an additional 10%.

18. In 2000, Plaintiff earned a total compensation of $480,475.00, consisting of a $78,000.00 base salary, $358,475.00 in commissions and a $44,000.00 retention bonus.

19. In 2001, Plaintiff earned a total compensation of $199,829.00, consisting of a $82,000.00 base salary and $117,829.00 in commissions.

20. In 2002, Plaintiff earned a total compensation of $154,084.00, consisting of a $88,000.00 base salary and $66,084.00 in commissions.

21. In 2003, Plaintiff earned a total compensation of $175,439.00, consisting of a $96,000.00 base salary and $79,439.00 in commissions.

22. In 2004, Plaintiff earned a base salary of $105,364.66. Through date of discharge (May 10, 2004), Plaintiff earned a total of $105,702.00, including both base salary and commissions. Plaintiff's total earnings for 2004 were projected to exceed $200,000.00.

23. During his tenure with SPRINT, the Plaintiff brought in approximately $2,000,000.00 in new business annaually.

24. At all times relevant to this Complaint, Plaintiff performed his work in a competent manner, satisfied the standards for job performance set by SPRINT, and had been annually evaluated as a superior employee.

25. At the time of the wrongful conduct alleged herein, Plaintiff was sixty years old, and therefore within the ADEA's protected age group, 29 U.S.C. § 631(a).

26. At some point prior to April 21, 2004, SPRINT decided to terminate Plaintiff's employment.

4

27.  SPRINT's termination of employees at the 380 Madison Avenue New York, New York office over the past three years has had a disproportionate adverse effect on employees over the age of 40.

28.  SPRINT's termination policies at the 380 Madison Avenue, New York, New York office have had a disparate impact on employees over the age of 40.

29.  SPRINT's reason given for the termination of Plaintiff's employment was pretextual.

30.  In 1992 Plaintiff opened an 800 phone number account for his personal use in order to assist him in providing support to Landstar System, a customer of SPRINT.  This account was opened with the full knowledge of Landstar System. Specifically, Robert Luminati, the Vice-President of IT at Landstar System, was informed of this account.  This 800 number account was registered through the customer's account.  The reason for doing this was to take advantage of the lower rates that were afforded to the customer by SPRINT.  At the time that this account was opened, Plaintiff's supervisor, Kevin McCullough, was made aware of the account and the exact manner in which it was opened.

31.  Since then, Plaintiff had acquired three additional 800 numbers through the said account.

32.  Plaintiff utilized these 800 numbers for business as well as personal "emergency" use.

33.  Between 1992 and May 10, 2004, these 800 number account was transferred among several SPRINT customers whose accounts Plaintiff was handling.

34.  Plaintiff at all times paid all bills and charges for this 800 account personally.

35. Having established the 800 account in this manner, Plaintiff realized a total cost savings of between $20 and $125 per year.

36. From April 21, 2004, the day that SPRINT purportedly learned of Plaintiff's 800 account, SPRINT never reprimanded or warned the Plaintiff in any way. Instead SPRINT terminated his employment on May 10, 2004.

37. In fact, Plaintiff had a conversation with FRANK BROMBERG regarding Plaintiff's 800 number account in January of 2004 and was told that it was "okay."

38. On May 10, 2004 Plaintiff was called in for a meeting with John Anninos and Gary Lenz of the Sprint Corporate Security Department.

39. During the said meeting, Plaintiff was confronted with the 800 number accounts which he had established through the customers that he was servicing for SPRINT.

40. Later that day, Plaintiff signed a written statement which was drafted by SPRINT.

41. On the afternoon of May 10, 2004, Plaintiff was discharged from his employment at SPRINT.

42. On the afternoon of May 10, 2004, Plaintiff was discharged from his employment at SPRINT by defendants, FRANK BROMBERG and MICHAEL DESA, acting in their express capacities as employees and agents of SPRINT and as Plaintiff's supervisors and superiors.

43. Plaintiff did not receive any warnings from SPRINT nor was he disciplined in any manner with regard to this matter other than simply being discharged after almost 20 years of service on the afternoon of May 10, 2004.

44. The disciplinary action taken by SPRINT as against Plaintiff, namely immediate termination, was grossly disproportionate to the alleged misconduct at issue.

45. Plaintiff received notice from SPRINT, dated May 19, 2004, informing Plaintiff that he had been "terminated for cause" and that Plaintiff forfeited his SPRINT stock options.

46. Upon information and belief, the workload that had been handled by the Plaintiff prior to termination has been transferred to SPRINT employees under the age of 40.

47. To date, SPRINT has not terminated Plaintiff's 800 number account and continues billing Plaintiff for service charges on the said account despite the fact that the 800 numbers have been transferred to a different carrier and are no longer being services by SPRINT.

COUNT I

(Violation of ADEA)

48. Plaintiff repeats and realleges the statements contained in paragraph 1 through 47 above.

49. Defendants, SPRINT, FRANK BROMBERG and MICHAEL DESA, with malice or with reckless indifference to the federally protected rights of Plaintiff, terminated Plaintiff's employment because of Plaintiff's age, in violation of ADEA, 29 U.S.C. § 623(a)(1).

50. As a result of the unlawful conduct of the Defendants, SPRINT, FRANK BROMBERG and MICHAEL DESA, Plaintiff has suffered emotional pain,

7

suffering, inconvenience, mental anguish, loss of past and future wages and
benefits.

51.  Defendants', SPRINT, FRANK BROMBERG and MICHAEL DESA, violations
of ADEA were willful.

## COUNT II

### (Violation of New York State Executive Law Section 296)

52.  Plaintiff repeats and realleges the statements contained in paragraphs 1 through
51 above.

53.  SPRINT, FRANK BROMBERG and MICHAEL DESA, terminated Plaintiff's
employment because of Plaintiff's age, in violation of the New York State
Executive Law Section 296.

54.  As a result of Defendants, SPRINT, FRANK BROMBERG and MICHAEL
DESA unlawful conduct, Plaintiff has suffered emotional pain, suffering,
inconvenience, mental anguish, loss of past and future wages and benefits.

55.  Defendants', SPRINT, FRANK BROMBERG and MICHAEL DESA violations
of NYS Exec. Law Sec. 296 were willful.

## COUNT III

### (Violation of New York City Administrative Code § 8-107)

56.  Plaintiff repeats and realleges the statements contained in paragraphs 1 through
55 above.

57.  SPRINT, FRANK BROMBERG and MICHAEL DESA terminated Plaintiff's
employment because of Plaintiff's age, in violation of the New York City
Administrative Code § 8-107.

58. As a result of the unlawful conduct of Defendants, SPRINT, FRANK BROMBERG and MICHAEL DESA, Plaintiff has suffered emotional pain, suffering, inconvenience, mental anguish, loss of past and future wages and benefits.

59. Defendants', SPRINT, FRANK BROMBERG and MICHAEL DESA violations of NYC Admin. Code § 8-107 were willful.

## COUNT IV

### (Defamation)

60. Plaintiff repeats and realleges the statements contained in paragraphs 1 through 59 above.

61. In the period leading up to and culminating in his discharge, the Plaintiff was publicly labeled by SPRINT, FRANK BROMBERG and MICHAEL DESA as having violated certain rules and/or standards of conduct of SPRINT which were severe enough to have lead to Plaintiff's termination from employment after almost 20 years of exceptional performance.

62. SPRINT, FRANK BROMBERG and MICHAEL DESA knew or should have known that the reason for discharging the Plaintiff would need to be communicated to prospective employers and had been communicated internally.

63. Upon information and belief the characterization of the Plaintiff's conduct was done with knowledge of its falsity and in an effort to manufacture a pretextual reason for Plaintiff's discharge.

64. By maliciously circulating a false characterization about the Plaintiff, SPRINT, FRANK BROMBERG and MICHAEL DESA have defamed him.

9

<u>Prayer For Relief</u>

Wherefore, Plaintiff respectfully prays that judgment be entered in his favor and against Defendants SPRINT, FRANK BROMBERG and MICHAEL DESA in an amount sufficient to compensate Plaintiff for his emotional pain, suffering, inconvenience, mental anguish, defamation, loss of past and future wages and benefits, plus punitive damages, attorney fees and such other and further relief as this Court deems just and appropriate.

Plaintiff demands a trial by jury.

Dated:     March 8, 2005
           New York, New York

Respectfully submitted,

THE ZILBERG LAW FIRM, PLLC
For the plaintiff by :
MICHAEL A. ZILBERG (MZ 5250)
535 Fifth Avenue, 19th Floor
New York, New York 10017
Telephone: (212) 692-0900

Docket No.:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID POSNER,

*Plaintiff,*

-   against -

SPRINT/UNITED MANAGEMENT COMPANY, FRANK BROMBERG and MICHAEL
DESA,

*Defendants.*

**FIRST AMENDED COMPLAINT**

# THE ZILBERG LAW FIRM, PLLC

Attorneys for Plaintiff
Office & P.O. Box
535 Fifth Avenue – 19th Floor
New York, New York 10017
(212) 692-0900